Entered on Docket
December 11, 2017
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 9, 2017



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EDWIN EARL ELLIOTT,<br><br>                 Debtor.<br>_____<br>EDWIN EARL ELLIOTT,<br><br>                 Plaintiff,<br>v.<br><br>PACIFIC WESTERN BANK,<br><br>                 Defendant.<br>_____ | Bankruptcy Case<br>No. 17-30236 DM<br><br>Chapter 7<br><br><br>Adversary Proceeding<br>No. 17-3047 |

<u>MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS</u>

On October 20, 2017, this court heard oral argument on the motion of defendant Pacific Western Bank (the "Bank") to dismiss a complaint (the "MTD") filed by debtor and plaintiff Edwin Earl Elliott ("Debtor") to avoid and recover a preferential transfer pursuant to 11 U.S.C. § 547.[1]  For the reasons set forth below, the court will grant the MTD.

I. <u>Introduction</u>

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Debtor seeks to avoid a release to the Bank by a levying officer of certain funds. Although the levy occurred outside the 90-day preference period, the release of the levied funds occurred within 90 days of the bankruptcy petition date. For the reasons stated below, neither the levy nor the subsequent turnover of the levied funds to the Bank constitutes an avoidable transfer. Therefore, the original complaint and the first amended complaint ("FAC") filed by Debtor after the oral argument fail to state a claim upon which relief can be granted.

II. <u>Facts</u>

On September 6, 2012, the Superior Court of the State of California for the County of San Mateo ("State Court") entered an amended judgment against Debtor and in favor of the Bank in the amount of $119,470.23, plus attorneys' fees in the amount of $31,983.56. *See* the Request for Judicial Notice ("RJN") in support of the MTD filed by the Bank on September 13, 2017 at Dkt. No. 10, pgs. 13-14.

Although it has not provided a copy of the relevant request, the Bank states on page 4 of its MTD that it "caused the San Mateo County Sheriff to serve a levy request on IRA Trust Services Company (the 'IRA Custodian')" on December 2, 2016. In the FAC (Dkt. No. 17), Debtor admits in paragraph 13 that "the levy on December 2, 2016, created an execution lien under California law." The State Court docket appended to the RJN reflects that an application and order for a judgment debtor examination was filed on December 5, 2016. *See* RJN, Exh. 3, Dkt. 10 at pg. 63. The sheriff's office levied $28,870.19 (the "Levied Cash") from Debtor's account with the IRA Custodian. The levy was incomplete

-2-

as certain non-liquid assets were not turned over to the Sheriff. The Bank is not claiming any interests "regarding the Incomplete Levy." MTD, Dkt. 9, pg 5 at lines 7-10.

On December 8, 2016, Debtor filed a claim of exemption in the State Court. Debtor asserted a need-based exemption pursuant to section 704.115 of the California Code of Civil Procedure ("CCP") in the assets "held and controlled by IRA Trust Services as custodian for my benefit under a qualified retirement account." RJN, Exh. 4, Dkt. 10 at pg. 73. Following a hearing on January 11, 2017, the State Court entered an order (on January 20, 2017) denying Debtor's exemption claim. Consequently, on or about February 15, 2017, the sheriff's office released the Levied Cash to the Bank.

On March 13, 2017, Debtor filed the underlying chapter 7 case. On March 27, 2017, he filed his schedules and statement of financial affairs. On his Schedule C: The Property You Claim as Exempt, the debtor claimed all assets in his IRA as exempt pursuant to CCP § 703.140(b)(10)(E),[2] including the Levied Cash:

> SEP IRA: IRA Services Trust Co. ($28,882.19 cash balance in this SEP IRA, along with Tiara Stock Certificates of unknown quantity, and two partial beneficial interests in Trustee Loans of $30,000 each, and an unknown quantity of PCAP OilStock were seized[.]

See Schedule C, Dkt. 8 in 17-30236 at pg 12.

On April 17, 2017, Debtor amended his Schedule C to clarify

---

[2] CCP § 703.140(b)(10)(E) provides that a debtor in bankruptcy may elect to exempt his or her right to receive "[a] A payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]"

-3-

that the exemption was based on section 522(b)(3)(C) in addition to CCP § 703.140(b)(10)(E). *See* Dkt. 15 in 17-30236, pg. 3. The Bank did not object to this claim of exemption because it "had *completed* its prepetition levy" and the Levied Cash "did not and does not constitute property of the Debtor or the estate." MTD at pg 5, lines 12-15 (emphasis in original). In addition, the "Bank has confirmed numerous times to the Debtor that it claims no interest regarding the Incomplete Levy" [i.e., on the non-cash, unliquidated assets of the Trust]. *Id.* at lines 7-10.

On May 25, 2017, the chapter 7 trustee filed his report of no distribution, and the case was closed on June 21, 2017. On July 12, 2017, Debtor filed this adversary proceeding. On September 13, 2017, the Bank filed the MTD. On October 4, 2017, Debtor filed a motion to reopen the bankruptcy case. An order reopening the case was signed on the same date. On October 20, 2017, the court held a hearing on the MTD, and in accordance with this court's instructions, the parties submitted supplemental briefing. The court took the matter under submission on November 15, 2017.

III. <u>Discussion</u>

    A. *Debtor Cannot Assert An Avoidance Action Pursuant to Section 522(h)*

Pursuant to section 522(h), a debtor may seek to avoid a transfer of property to the extent that the debtor could have exempted the property under section 522(g)(1) if the trustee had avoided the transfer, <u>as long as the transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a)</u> and the trustee does not attempt to avoid such transfer. A debtor who successfully avoids such a transfer "may recover in the manner

-4-

prescribed by, <u>and subject to the limitations of</u>, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section." 11 U.S.C. § 522(I) (emphasis added). Section 550, in turn, provides that an action or proceeding under that section "may not be commenced after the earlier of -- (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed."[3]

Here, Debtor cannot avoid as preferential the transfer of the Levied Cash to the Bank because a trustee would not have been able to avoid the transfer of those funds under section 547. The turnover and release to the Bank of the Levied Cash satisfied the Bank's execution lien, which was created and perfected by the levy more than 90 days prior to the petition date. As such, the trustee had no power to avoid that transfer because the Bank did not receive more than it would have received in liquidation, a prerequisite to any preferential transfer liability.[4] See 11 U.S.C. § 547(b)(5). Because Debtor has not identified any grounds for avoiding the transfer of the Levied Cash under the other

---

[3] The Bank argues that the MTD should be granted on the alternate ground that once the case was closed this action was time-barred. Debtor disagrees. Both parties cite opposing non-binding authority. As it is granting the MTD on other grounds, the court will not attempt to resolve that dispute.

[4] As discussed in the next section, the Debtor asserts that he can avoid the execution lien pursuant to section 522(f). The court disagrees. But even if he could avoid the execution lien under section 522(f), the trustee cannot invoke that power. Section 522(f) does not give a debtor greater powers than a trustee to avoid transfers under 522(h).

-5-

sections incorporated by section 522(g) and because the requisites for avoidance under section 547 do not exist here, Debtor has no viable claim under section 522(h).

    B.    *Debtor Cannot Avoid The Turnover of the Levied Cash By Avoiding the Lien Pursuant to Section 522(f)*

Debtor also asserts that he has standing under section 522(f) "to bring this action in his own right." *See* paragraphs 10 and 16 of the FAC, Dkt. 17. Given that the nonavoidable execution lien was satisfied in part by the transfer of the Levied Cash <u>prior to the petition date</u>, Debtor cannot avoid the transfer under section 522(f). Once the Levied Cash was transferred to the Bank, the lien was reduced by the same amount. Thus, the lien on the Levied Cash did not exist as of the petition date.

Since the Bank disclaims any claim to recover assets other than the Levied Cash it already has, Debtor's claim in the FAC to avoid the lien on those assets is moot.

## IV. Conclusion

For the foregoing reasons, the court will dismiss the FAC for failure to state a claim on which relief can be granted and for mootness. Counsel for the Bank should prepare and upload an order granting the MTD for the reasons set forth in this memorandum decision. Counsel for the Bank should also prepare a separate judgment in its favor disposing of this adversary proceeding. Counsel should file separately, on the docket, a proof of service certifying compliance with B.L.R. 9021-1(c).

\*\*\* END OF MEMORANDUM DECISION \*\*\*